RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/2/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME HOLLIER | CIVIL ACTION NO. 1:11-00759 |
| VERSUS | JUDGE DEE D. DRELL |
| CITY OF PINEVILLE, et al. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C.A. §1983 by Jerome Hollier (Hollier) against the City of Pineville, Louisiana (Pineville), Bryan Belgard (Belgard), Danny Jo Paul (Paul) and Kevin Sweeny (Sweeny). In his complaint, plaintiff alleges his civil rights were violated on January 4, 2011 when officers Belgard, Paul and/or Sweeny unlawfully followed, detained and physically assaulted him.

Plaintiff initially filed this suit in the Ninth Judicial District Court, State of Louisiana on or about April 27, 2011 (Doc. 1). On May 18, 2011, defendants sought removal of the suit and an order of removal was signed on May 24, 2011 (Doc. 1 and 5).

On May 20, 2011, defendants, Belgard, Paul and Sweeny filed a motion to dismiss all claims against them as they were named solely in their official capacities (Doc. 4). To date, plaintiff has not filed a response to the motion. The motion is currently before me for review, report and recommendation.

### Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action for "failure to state a

claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, the court must accept as true the well-pleaded facts in the plaintiff's complaint and must construe the facts in a light most favorable to the plaintiff. <u>Arias-Benn v. State Farm Fire & Cas. Ins. Co.</u>, 495 F.3d 228, 230 (5th Cir. 2007). However, the Court need not "'accept as true conclusory allegations, unwarranted factual inference, or legal conclusions.'" <u>Id.</u> (quoting <u>Plotkin v. IP Axess Inc.</u>, 407 F.3d 690, 696 (5th Cir. 2005)). To survive a Rule 12(b)(6) motion, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

<u>Official Capacity Suits</u>

In the complaint, Hollier states "at all times mentioned herein [Belgard] was acting within the course and scope of his employment as a canine officer with the City of Pineville, Louisiana." (Doc. 1-2, p.1). Hollier also states "at all times mentioned herein [Paul] was a Sergeant acting within the course and scope of his employment in the Pineville Police Department..." and "at all times mentioned herein [Sweeny] was acting within the course and scope of his employment with the City of Pineville, Louisiana." (Doc. 1-2, p.1-2). Additionally, Hollier states "[p]laintiff shows that with respect to the injuries that he

suffered, the doctrines respondeat superior, res ipsa loquitor, fault and liability are applicable...." (Doc. 1-2, p.2). No allegations or statements are made which indicate an intent to sue these defendants in their individual capacities. Additionally, Hollier has failed to respond and assert that the defendants were sued in any capacity other than their official capacities. Accordingly, I find that Belgard, Paul and Sweeny are sued solely in their official capacities.

Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985), quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." Id. at 166 (internal citation omitted). Because the city of Pineville is a named defendant, no purpose is served by allowing duplicative §1983 official capacity claims against Belgard, Paul and Sweeny.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 4) be GRANTED and Hollier's claims against Belgard, Paul and Sweeny be DISMISSED WITH PREJUDICE.

3

## Objections

Under the provisions of 28 U.S.C. §636(b)(1(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDING, CONCLUSION, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN THE FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 2nd day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE