RECEIVED
JAN 1 5 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME HOLLIER | CIVIL ACTION NO. 11-759 |
| -vs- | JUDGE DRELL |
| CITY OF PINEVILLE, et al. | MAGISTRATE JUDGE KIRK |

## REASONS FOR JUDGMENT

The Court conducted a bench trial in this matter on January 3, 2013. After carefully reviewing the evidence in the record and presented at trial, the Court's findings are as follows.

I.  **Background**

Jerome Hollier ("Mr. Hollier") filed suit on April 27, 2011 in the Louisiana 9th Judicial District in Rapides Parish against the following defendants: the City of Pineville ("the City") and City police officers Bryan Belgard, Danny Jo Paul, and Kevin Sweeney, Jr.[1] Defendants removed the case to this Court on May 18, 2011. (Doc. 1). Plaintiff's Petition (Doc. 1-2) alleges his civil rights were violated on January 4, 2011 when Officers Belgard, Paul, and/or Sweeney unlawfully followed, detained and physically assaulted him. Plaintiff brought suit pursuant to 42 U.S.C. § 1983 and associated state law regarding the alleged use of excessive force, false arrest, and related claims. He sought damages in an amount sufficient for Federal Court

---

[1] The Petition misspells this defendant's last name as "Sweeny" and omits his suffix.

jurisdiction, but, by trial time, conceded maximum damages in the amount of $74,950.00 for personal injury and medical expenses.

On August 24, 2011, we entered a Judgment (Doc. 16) adopting the Magistrate Judge's Report and Recommendation (Doc. 15), and granting Defendant's Motion to Dismiss (Doc. 4),[2] dismissing Plaintiff's claims against Officers Belgard, Paul, and Sweeney in their official capacities. In so doing, we concurred with the Magistrate Judge's finding that the officers were sued solely in those capacities and, based on controlling jurisprudence (particularly Monell v. Department of Soc. Servs. of City of New York., 436 U.S. 658 (1978); Kentucky v. Graham, 473 U.S. 159 (1985)), we determined suits against the officers in their official capacities were duplicative of the suit against the City. (Doc. 15 at p. 3). Accordingly, the only remaining Defendant at the time of trial was the City of Pineville. That this had been the pretrial and trial scenario was reiterated by the Court at the start of trial and agreed to by counsel for all remaining parties. At the close of Plaintiff's case, Defendant moved for Judgment on Partial Findings (Doc. 43). The motion was denied at that point.

II. **Law and Analysis**

It is undisputed the City qualifies as a municipality under federal law. The liability of the City under Section 1983 is first evaluated according to the standards set forth in Monell, *supra*. The City is not liable under Monell under a theory of vicarious liability. Id. at 694. The Supreme Court decided in Monell:

---

[2] Plaintiff filed no response to Defendant's Motion to Dismiss, nor did he submit Objections to the Magistrate Judge's Report and Recommendations.

2

> Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, 436 U.S. at 694. The violation of constitutional rights must be attributable to the City's policy, practice, or custom in order for the City to be liable for the officers' official actions. The custom need not have "received formal approval through the [City's] official decisionmaking channels" in order for the municipality to be liable under Section 1983. Id. at 691.

The City could also be liable under a "failure to train" theory. City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989). This requires a showing that "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388. As the Supreme Court described in City of Canton, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality–a 'policy' as defined by our prior cases–can a city be liable for such a failure under § 1983." Id. at 389.

Turning to the facts at hand, the record is void of any evidence that the City had a policy or custom which caused Plaintiff's injuries. Plaintiff was unable to articulate even an informal policy or custom which could be attributed to the officers' actions against Plaintiff. In addition, Plaintiff was unable to identify any action by the City which would constitute deliberate indifference under the failure to train theory. Each police officer named as a defendant attended the appropriate police training academy and received proper certification for his position. As explained at trial, the

Court's *in camera* inspection of their personnel files (Doc. 38) revealed no indication that the City had reason to believe Officers Belgard, Sweeney, or Paul would deviate from their training.

However, we note that, had the officers been sued in their individual capacities, Plaintiff might have had a case for excessive use of force against Officer Paul. The dash cam video from Officer Sweeney's unit on the evening in question shows that when Officer Paul arrived at the scene, he administered four rapid (and obviously hard) strikes with his baton to Mr. Hollier's ankle area while two other officers attempted to restrain Mr. Hollier's arms. (Exhibit J-8, "PU #54"). Mr. Hollier's fractured ankle comprised the primary basis for the damages claimed in this suit. However, Officer Paul was not sued in his individual capacity in the original Petition (Doc. 1-2), and Plaintiff made no attempt to amend the Petition during the pendency of the suit. We do not comment on the likelihood of success of an individual capacity suit but explain it here only to contrast that claim with the official capacity claim made against Officer Paul. Thus, based on the status of the pleadings and controlling jurisprudence, we find Plaintiff has failed to meet his burden of proof and we must rule in favor of Defendant.

III. Conclusion

For the foregoing reasons, the Court finds Defendant, the City of Pineville, is not liable for Plaintiff's damages and Plaintiff's claims against this Defendant will be

4

**DISMISSED** with **PREJUDICE**. Disposition will enter by a separate judgment signed on this date.

SIGNED on this 15 day of January, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT